UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIOPTICS MEDICAL PRODUCTS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> IDEAVILLAGE PRODUCTS CORP., dba HD VISION, <br><br> Defendant. | Case No.: CV 08-03538 PVT <br><br> **ORDER GRANTING PLAINTIFF LIVE EYEWEAR'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

On August 10, 2009 Plaintiff Live Eyewear, Inc. ("Plaintiff") filed a Motion to Amend the First Amended Complaint. Defendant opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers,

IT IS HEREBY ORDERED that Plaintiff's motion to amend the First Amended Complaint is GRANTED.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." *See* FED.R.CIV.P. 15(a). This policy is applied with "extraordinary liberality". *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing

party, is sought in bad faith, is futile, or creates undue delay." *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992). "[T]here exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

Where, as here, a party seeks leave to amend after a deadline set in a scheduling order, the party must show "good cause." *See* FED.R.CIV.P. 16(b)(4); *see also Johnson v. Mammoth Recreations*, 975 F.2d at 609. "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Ibid.*

In the present case, Plaintiff has shown that it obtained discovery of information justifying the requested amendment after the deadline for amending the pleadings had passed. Plaintiff has further shown that it promptly sought a stipulation for the amendment, and failing that, filed the instant motion. Plaintiff's diligence is sufficient to establish "good cause" for purposes of Rule 16(b)(4).

Defendant argues that leave to amend should be denied because the amendment would be futile and prejudicial. The court disagrees.

Defendant has not shown the amendment would be futile. As Plaintiff notes, "corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement under § 271(b) regardless of whether the corporation is the alter ego of the corporate officer." *See Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579-80(Fed.Cir. 1986). While such liability is not automatic *(see Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1412 (Fed.Cir.1996)), it is a sufficient possibility to preclude a finding that the amendment would be futile.

Nor does Defendant's argument that this court lacks personal jurisdiction establish that the amendment would be futile. The issue of personal jurisdiction is a factual question, and district courts have discretion to permit or deny jurisdictional discovery. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Ibid*. Here, the Proposed Second Amended Complaint alleges that Anand Khubani

actively aided and abetted IdeaVillage's alleged infringing activities, including sales in California. (*See* Proposed Second Amended Complaint (docket no. 93-1), ¶¶ 7 & 31.) The Proposed Second Amended Complaint alleges that Khubani wrote in an email to Defendant's designer "These are the glasses that I was told we should follow for our design," followed by a link to Plaintiff's product on its website. (*See* Proposed Second Amended Complaint (docket no. 93-1), ¶ 18.) Plaintiff has filed a copy of a document which appears to be the email referenced in the Proposed Second Amended Complaint. Based on this preliminary showing, the court finds jurisdictional discovery will be warranted to allow Plaintiff a fair opportunity to respond to the statements in Khubani's declaration.

Defendant fails to show it will be prejudiced if Plaintiff is granted leave to amend. The only prejudice Defendant cites is requiring Khubani to defend a lawsuit in a district that Defendant claims does not have personal jurisdiction over him. Even assuming Defendant has standing to raise this issue on Khubani's behalf, as discussed above, at a minimum jurisdictional discovery is warranted before making any determination as to whether this court has personal jurisdiction over Khubani.

Dated: *10/5/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge