UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIOPTICS MEDICAL PRODUCTS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> IDEAVILLAGE PRODUCTS CORP., dba HD VISION, <br><br> Defendant. | Case No.: CV 08-03538 PVT <br><br> **ORDER DENYING DEFENDANT KHUBANI'S MOTION TO DISMISS** |

On August 31, 2010, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant Anand Khubani's motion to dismiss for lack of personal jurisdiction. Based on the briefs and arguments submitted,[1]

IT IS HEREBY ORDERED that Defendant Khubani's motion is DENIED because there are genuine issues of material fact with regard to Plaintiffs' claim against Khubani, and the jurisdictional facts are so intertwined with the merits of that claim that resolution of the jurisdictional issue should be deferred until trial.

Most federal courts, including both the Federal Circuit and the Ninth Circuit, "look to the

---

[1] On September 2, 2010, Plaintiff Live Eyewear electronically filed a letter in which it requests leave to file certain supplemental exhibits. The request is denied. The proffered exhibits make no difference to the court's ruling on this motion.

ORDER, *page 1*

degree of intertwinement between the jurisdictional facts and the facts underlying the merits of the cause of action to determine whether dismissal on jurisdictional grounds is appropriate, or whether resolution of the issues must await summary judgment proceedings or trial on the merits." *See DDB Technologies, L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1291 (Fed.Cir. 2008) ("We agree with the majority of the regional circuits that the degree of intertwinement of jurisdictional facts and facts underlying the substantive claim should determine the appropriate procedure for resolution of those facts"); *see also, Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) ("if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment").

      The Supreme Court has also acknowledged the propriety of proceeding on the merits where jurisdictional facts are intertwined with the merits of a case. *See*, *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 203 n. 19 (1974). In *Gulf Oil* the Court noted that where there is an identity between the "jurisdictional" issues and certain issues on the merits, there is "no objection to reserving the jurisdictional issues until a hearing on the merits." *Ibid*.; *see also, Land v. Dollar*, 330 U.S. 731, 735-39 (1947) (finding that, where the question of jurisdiction was dependent on decision of the merits, the District Court had jurisdiction to determine its jurisdiction by proceeding to a decision on the merits).

      In the present case, Plaintiffs allege that the court has personal jurisdiction over Defendant Khubani because he: 1) "is responsible for and has actively directed, managed, controlled, approved, participated in, and carried out the promotion of IdeaVillage's products, including the accused products, into the stream of commerce with the expectation that those products will be sold and offered for sale throughout the United States, including within California and within this judicial district;" 2) "has actively directed, managed, controlled, approved, participated in and carried out IdeaVillage's infringing activities described herein and has done so with knowledge of Plaintiffs' intellectual property rights and with the specific intent to encourage and induce IdeaVillage's infringement of Plaintiffs' intellectual property rights;" and 3) "actively directed, managed, controlled, approved, participated in and carried out the manufacture, promotion, and sale of the

accused products with the expectation that the advertisements for the accused products and the accused products themselves will be offered for sale, sold, promoted and distributed nationwide, including in California and specifically in this judicial district." *See*, Second Amended Complaint (docket no. 127), ¶ 7.

In support of those allegations, Plaintiffs have submitted, among other things, excerpts of Defendant Khubani's deposition testimony related to Khubani's involvement in the design of the accused product, and in the development of commercials for the accused product. Plaintiffs have also submitted copies of purchase orders with Khubani's name on them (albeit apparently initialed by someone else); agreements signed by Khubani (on Ideavillage's behalf) with a company that distributes the accused product in California, and website printouts indicating that Khubani was at one time listed as the owner and administrative contact for a website for the accused product which provides an address in California for all shipments, customer service, and returns of the accused products (which Khubani acknowledged in deposition was the "official" website for the accused product).

Defendant Khubani responds with affidavits and deposition excerpts which he claims show that he did not induce Ideavillage's alleged infringement, he was not the primary decision maker behind the accused products, and he was not responsible for the ultimate design of the accused products. He contends the evidence shows that his involvement in the accused products "is no more than is typical of a company president." Khubani further claims that he did not know the website for the accused product was registered in his name, and that he has since corrected the website registration.[2]

Based on the evidence submitted by the parties, there are genuine issues of material fact as to the extent of Defendant Khubani's intent and involvement with: the design of the accused product; the marketing of the accused products in California; and the importation of the accused products into California. Both this court's personal jurisdiction over Defendant Khubani and the merits of Plaintiffs' claims against Defendant Khubani depend on a determination of those facts. And a

---

[2]   Plaintiffs noted at the hearing that Khubani is still listed as the administrative contact for the website.

reasonable jury could return a verdict in favor of either side based on the evidence in the record. Thus, applying the standard applicable to a motion for summary judgment,[3] dismissal of the claims against Defendant Khubani on grounds of lack of jurisdiction would be premature at this juncture. *See, Rosales v. United States*, 824 F.2d at 803.

      Defendant Khubani's argument that Plaintiffs have had plenty of time to conduct merits discovery as well as jurisdictional discovery misses the point. The determinative factor is not the amount of discovery Plaintiffs have had. It is whether there are genuine issues of material fact as to the facts upon which both jurisdiction and the merits depend. It is only where there are no such genuine issues of material fact that it is appropriate to resolve, in a motion to dismiss, jurisdictional issues that are so closely intertwined with the merits of the case. *See, Rosales v. United States*, 824 F.2d at 803; *see also, Gulf Oil*, 419 U.S. at 203 n. 19.

Dated: *9/3/10*

                                              *Patricia V. Trumbull*
                                              PATRICIA V. TRUMBULL
                                              United States Magistrate Judge

---

[3] To obtain summary judgment, a party must demonstrate that no genuine issue of material fact exists for trial, and that based on the undisputed facts he is entitled to judgment as a matter of law. *See Celotex v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).